IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY VICTOR GUANCIONE, III,

Plaintiff,

v.

JOHN G. STUMPF, et al.,

Defendants.

/

Case No. 2:10-cv-1123 JAM DAD PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

On May 6, 2010, plaintiff presented a voluminous document for filing in this court. Plaintiff's 107-page document was liberally construed as a complaint, and this civil case was opened. Plaintiff, who is proceeding pro se, paid the required filing fee. The Clerk issued new case documents and issued summons. The case has been referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

JURISDICTION

The court turns first to the issue of jurisdiction. Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). The district court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction," Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999), and it is the

obligation of the district court "to be alert to jurisdictional requirements," Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

"Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). The presumed lack of jurisdiction is necessary because federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). The burden of establishing the court's jurisdiction rests upon the party asserting jurisdiction. Kokkonen, 511 U.S. at 377. Lack of subject matter jurisdiction may be raised by the court at any time. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The Federal Rules of Civil Procedure, which "govern the procedure in all civil actions and proceedings in the United States district courts," provide that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 1 & 3. The minimum requirements for a civil complaint filed in a federal district court are set forth in Rule 8:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

Fed. R. Civ. P. 8(a). To state a claim for relief, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also

be conferred by federal statutes regulating specific subject matter. Unless the complaint presents a plausible assertion of a substantial federal right, the federal court will not have federal question jurisdiction pursuant to 28 U.S.C. § 1331. Bell v. Hood, 327 U.S. 678, 682 (1945).

Here, the 107-page document filed as a complaint on May 7, 2010 does not meet any of the requirements of Rule 8(a). It is evident from the size of the document that it is not "short," and scrutiny of the document reveals that it is not plain. The document is comprised of materials that resemble legal documents but bear eccentric titles, odd party descriptions, and incomprehensible contents. For example, page 36 is the first page of a document that purports to be a "Petition for Agreement and Harmony within the admiralty in the Nature of a Notice of International Commercial Claim in Admiralty Administrative Remedy First Notice of Demand and Settlement for the Closing of the Escrow." (Compl. (Doc. No. 1) at 36[1] (emphasis omitted).) There, plaintiff describes himself variously as secured party, "libellant," and creditor secured party. His address is a post office box number "c/o R.A. Guancione, Notary Acceptor." He lists as "libellees" various banks and bank personnel, and the page ends with the assertion that "Libellee is additionally subject to postal statutes and the jurisdiction of the Universal Postal Union."

Plaintiff's materials bear no apparent relationship to the nature of suit – "Securities/Commodities/Exchange" – or the causes of action – "Title 18 USC Sec. 472, 473, 474, RICO, Const. and Amendments, Civil Rights, RESPA, TILA, REG Z – identified on the Civil Cover Sheet appended to plaintiff's 107-page pleading. The complaint contains no short and plain statement of the grounds for this court's jurisdiction, no short and plain statement of

/////

/////

---

[1] Plaintiff's document is not paginated, although some portions of the document bear page numbers. Herein, the court refers to the page numbers assigned by the court's electronic filing system.

claims showing that plaintiff is entitled to relief in a federal district court, and no proper demand for relief.[2]

The court finds, however, that plaintiff did not intend to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. The first page of plaintiff's filing is a letter addressed "To Whom It May Concern." In this letter plaintiff describes himself as "Ambassador HI&RH Anthony Victor Guancione III c/o G.A. Rinella, Notary Acceptor" and states that "[t]he following attached documents are to be filed into a Miscellaneous Case for Registration of a Foreign Judgment." (Compl. (Doc. No. 1) at 1.) In a letter subsequently filed with the court by plaintiff on June 7, 2010, plaintiff complains that he sent the court "a Final Judgment by a STATE OF CALIFORNIA commissioned Notary Public and a finding of fact by a 3 judge Tribunal . . . to certify and submit these foreign judgments into a Miscellaneous file in US District Court," but that the Clerk, "in violation of International Treaty Law, refused to file the case into a miscellaneous court file for $39, and instead filed it for $350 into a new case file." (Letter (Doc. No. 4) at 1-2.)

The court has examined plaintiff's filing and finds that it does not contain any document that could be registered in a federal district court as a foreign judgment. See 28 U.S.C. § 1963; see also Hilton v. Guyot, 159 U.S. 113, 163-64 (1895) (noting that the decision to recognize a foreign judgment is discretionary, not mandatory). The Clerk of the Court properly refused to open a miscellaneous case for plaintiff's collection of documents because the documents do not include any valid foreign judgment that could be registered.

The undersigned takes judicial notice[3] of Guancione v. Stumpf, et al., case No. 1:10-mc-0025-GSA PS (E.D. Cal. 2010), a miscellaneous case that plaintiff succeeded in filing

---

[2] On his Civil Cover sheet plaintiff demands $3,226,371,600.00.

[3] A court may take judicial notice of its own files and documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998); Hott v. City of San Jose, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000).

in the Fresno Division of this court on May 18, 2010, just twelve days after the Clerk of the Sacramento Division declined to file plaintiff's documents in a miscellaneous case. Although in that case plaintiff titled his document "Clerk's Certification of a Judgment to be Registered in a Foreign Jurisdiction," the Clerk docketed the filing as a request for foreign judgment by plaintiff. On May 20, 2010, the magistrate judge assigned to that case found that the document was "not a valid judgment, nor appropriate for filing." (Order (Doc. No. 2) filed May 20, 2010 in case No. 1:10-mc-0025-GSA PS.) Plaintiff's document was stricken, and the case filed by plaintiff in the Fresno Division of this court was closed.

Here, the court finds that plaintiff's filing does not contain a valid judgment and is not a complaint that states a claim for relief over which this court has jurisdiction. Plaintiff cannot proceed with this civil action on the basis of the document he filed on May 6, 2010.

FUTILITY OF AMENDMENT

The court has considered whether plaintiff might be able to file an amended complaint that does state a cognizable claim for relief over which this court has jurisdiction. The materials filed by plaintiff reveal that any claims plaintiff might have against the named defendants arise from a mortgage foreclosure on a home located in Santa Clara County. (See, e.g., Compl. (Doc. No. 1) at 4-6.) The materials filed by plaintiff fail to present facts that support the existence of a viable federal claim that would provide a basis for federal question jurisdiction, and it appears that one or more of the defendants reside in California, eliminating diversity jurisdiction. In addition, the proper venue for any claims related to property in Santa Clara County would lie in the Northern District of California.

Further, the court takes judicial notice of litigation plaintiff and his co-owners or co-residents of the Santa Clara County property have already pursued in the United States District Court for the Northern District of California. See Guancione, et al. v. Wachovia Mortgage Corp., et al., No. 5-10-CV-03166 JF (HRL), 2010 WL 2991728, at *1-2 (N.D. Cal. July 28, 2010) (describing cases filed by Anthony V. Guancione, III, Rosalie Aubree Guancione,

and/or William Bullock Stewart III in state and federal courts with regard to the foreclosure sale of the Santa Clara County property). Plaintiff and the co-owners or co-residents of the property also removed an unlawful detainer action filed by Wachovia Mortgage FSB from Santa Clara Superior Court to the United States District Court for the Northern District of California, but the case was summarily remanded to the state court. See Wachovia Mortg. FSB v. Anthony V. Guancione III, et al., No. C09-06029 HRL, 2010 WL 431700, at *1 (N.D. Cal. Feb. 2, 2010) (adopting findings and recommendations in 2010 WL 55883, at *1-2 (N.D. Cal. Jan. 4, 2010)).

For all of these reasons, the court finds that amendment of the complaint in this case would be futile. Accordingly, the undersigned will recommend that plaintiffs' complaint be dismissed without leave to amend. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). See also Hagans v. Levine, 415 U.S. 528, 543 (1974) (approving dismissal of claims for lack of jurisdiction where the claims do not involve a federal controversy within the jurisdiction of the district court).

PLAINTIFF'S MOTION FOR CLARIFICATION

On October 21, 2010, plaintiff filed a request for entry of default as to defendant Wachovia.[4] (Doc. Nos. 13, 14, 15 & 16.) The Clerk declined the request on October 22, 2010. (Doc. No. 17.) Plaintiff has requested clarification of the Clerk's decision. (Doc. No. 18.)

The court has examined plaintiff's request for entry of default and finds it flawed in numerous respects, a few of which will be noted here. First, the request and supporting documents total 40 pages in length. Excessive length serves to obscure the facts the Clerk requires in order to determine whether default should be entered. Second, the request fails to

---

[4] On August 31, 2010, plaintiff filed a voluntary dismissal of all other defendants named in this action. (Doc. No. 7.)

identify the statute pursuant to which service was effected until page 6, where the information is buried in a sentence couched in such boilerplate terms that it fails to convey necessary facts, such as whether the person sought for service and/or the person actually served was a person designated as agent for service of process, a corporate officer, or one of the other persons described in California Code of Civil Procedure § 416.10.[5] Third, plaintiff's request does not demonstrate that the place described as defendant's address is a place of business and specifically a Wachovia office where an authorized person might be found for service, and the return of service does not indicate that the papers were left with the person in charge of the office – if it was an office – during usual office hours.[6] These are some of the reasons why the Clerk was unable to determine from the lengthy documents submitted by plaintiff whether service of process was properly effected on the defendant. Moreover, plaintiff's request for entry of default is moot in light of the court's findings with regard to his pleading set forth above.

CONCLUSION

IT IS HEREBY ORDERED that plaintiff's motion for clarification (Doc. No. 18) is denied; and

IT IS RECOMMENDED that this case be dismissed with prejudice for failure to present any valid judgment that could be registered as a foreign judgment or a complaint that states any claim for relief over which this court has jurisdiction.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

---

[5] The Judicial Council's comment following the statute notes that "[s]ervice on a corporation or unincorporated association can only to accomplished by serving some individual as its representative. Section 416.10 enumerates the individuals who are authorized to receive service on behalf of an ongoing corporation, including a bank. Other persons may be authorized by other statutes of this state." Cal. Code of Civil Proc. § 416.10.

[6] The document provided as evidence of the proper address for service is a trustee's deed upon sale of property following a default, reconveying the property to Wells Fargo Bank, NA, formerly know as Wachovia Mortgage. Nothing in this document indicates that the property is a business property where Wells Fargo or Wachovia has an office or conducts business.

fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 16, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\guancione1123.ord.f&r